HETRICK *v.* HETRICK.*

The decision of this case cannot be stated more briefly than it is stated in the opinion.

APPEAL from the *Franklin* Court of Common Pleas.

PERKINS, J.—This is a suit by *Peter Hetrick* against *Eli Hetrick.* Judgment below for the plaintiff.

The facts of the case are substantially these: In *August*, 1851, *Mary Hetrick*, then a *feme sole*, executed to *Peter Hetrick* a note for 500 dollars. In *May*, 1852, she married *Eli Hetrick*, the defendant. In the spring of 1854 she died, leaving the 500 dollar note unpaid. In 1858, the payee of the note commenced suit to recover the amount of it from *Eli Hetrick*, *Mary's* surviving husband. Said *Eli* received about 800 dollars by his said wife, *Mary.*

If this case was to be governed by the R. S. of 1852, there would be no difficulty in deciding it. Those statutes provide that in all marriages hereafter contracted, the husband shall be liable for the debts and liabilities of the wife contracted before marriage, to the extent of the personal property he may receive with or through her, or derive from the sale or rent of her lands, and no farther. Such liability of the husband shall not be extinguished by the death of the wife. 1 R. S. p. 320.

But this case is not to be controlled by the statute quoted. The statute applies, by its terms, only to cases where the marriage occurred after its passage. The case under consideration is to be determined by the principles of the common law. By that law, the husband was liable during coverture for the debts of his wife, *dum sola;* but his liability ceased when the coverture ceased. 2 Kent's Comm. 143.

Nor did the fact that the husband received property by his wife alter the case; even the very property for the purchase of which the debt was contracted. Kent, *supra.*

---

* A petition for a rehearing of this case was filed on the 19th of *July*, and overruled on the 7th of *September.*

The decision of this case below seems to have been influenced by the fact that our statute has declared that the separate property of the wife shall remain hers, free from the control of her husband, and from liability to his debts. This provision has no effect upon a case like the present. It has changed the common law to this extent only. By the common law, the husband could appropriate the personal property of the wife, where it could be done without going into chancery, without her consent; by the statute, he can only do it with her consent; and with her consent, he can do it. The wife can bestow, by an executed gift, any property she may possess, upon her husband, if she pleases, as may the husband upon the wife. And the provision of the statute we are now considering has not increased the liability of the husband to the creditors of the wife. If the husband receives the separate property of the wife by her free gift or consent, and without any condition, he does not, by the section of the statute under consideration, hold it as a trustee for her, and liable to be charged, as a trustee, with the amount after her death. *Johnson* v. *Rockwell*, 12 Ind. R. 76.—*McCarty* v. *Mewhinney*, 8 *id.* 513. For a case where he was held chargeable as a trustee, see *Keister* v. *Howe*, 3 Ind. R. 268.

Nor would a simple voluntary promise, by the husband after the death of his wife, to pay her debts, contracted *dum sola*, render him legally liable. The promise would be without consideration. Where he had received property from his wife, at or during coverture, there might be a moral obligation upon him to pay such debts; but a moral obligation, simply, will not support such a promise. The obligation must be a legal one. Ind. Dig., p. 13, § 7.

If such a promise had been made to the wife, or to the creditor of the wife, as the condition upon which the wife consented to the reception by the husband of her separate estate, he might, we presume, be liable upon it. Ind. Dig., p. 67, § 6.

To prevent misapprehension, we again remark, that if the marriage in question had been celebrated after the revised statutes of 1852 came into force, the surviving hus-

band would have been liable to pay the note, because he had received property of his wife to the amount of it. And the fact that he received it by way of gift, or with the consent of his wife, would not relieve him from the liability. It is only by such modes that the husband can, under the statute, possess himself of the separate property of his wife.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland* and *C. C. Binkley,* for the appellant (1).

*H. C. Newcomb* and *J. S. Tarkington,* for the appellee (2).

(1) Counsel for the appellant cited Reeve's Dom. Rel. 67; 2 Kent's Comm. 143, 144; *Heard* v. *Stanford,* 3 P. W'ms, 409, cases temp. Talb.; *The Earl of Thomond* v. *The Earl of Suffolk,* 1 *id.* 469.

(2) Counsel for the appellee cited 3 J. J. Marsh. 227; 2 Story's Eq., §§ 1217, 1380; 5 B. Mon. 118; *Resor* v. *Resor,* 9 Ind. R. 347; 5 *id.* 407; 4 Kent's Comm., * 152, 154; 3 B. Mon. 348; Hov. on Fraud, * 470, 471; *Medler* v. *Hiatt,* 8 Ind. R. 171. In their petition for a rehearing, they cited, also, 1 Blackf. 246; 2 Story's Eq., §§ 789, 790 to 793, 1216 to 1219; 3 Sug. on Vend. * 182, 183, 184.