## SHORE v. TAYLOR.

46 345
135 618

HUSBAND AND WIFE.—A wife is liable for her debts contracted *dum sola*, and the husband, though not liable as at the common law, is liable by statute on account of the property he may have received with or through the wife, and to the extent of its value; and in a suit against the husband in such a case, the wife should also be a party defendant.

PRACTICE.—*Defect of Parties.*—An objection for a defect of parties defendants must be taken by demurrer or answer, or it will be considered as waived.

SAME.—*Demurrer.*—A demurrer must be well taken as to all those uniting in it, otherwise it should be overruled as to all of them.

SAME.—*Assignment of Errors.*—That a verdict is contrary to law, that it is not supported by sufficient evidence, or that it is excessive in amount, is good cause for a new trial, but is not a proper assignment of error. An assignment of

error that the court below erred in overruling a motion for a new trial brings. all those matters before the appellate court, if they were embraced in the motion for a new trial.

SAME.—*New Trial.*—Supposed errors of law occurring at the trial must be particularly stated in the motion for a new trial. The requisite particularity cannot be supplied by reference to a bill of exceptions to be thereafter made..

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown,* for appellant.

*M. E. Forkner, E. H. Bundy,* and *L. P. Mitchell,* for appellee.

DOWNEY, J.—Suit by Eleanor Taylor against William Shore and Martha Shore. It is alleged in the complaint that in 1871 the defendant Martha Shore, then sole and unmarried, became indebted to the plaintiff in the sum of six hundred dollars for work and labor, care, and attention theretofore rendered her by the plaintiff, at her special instance and request, a bill of particulars of which is filed with the complaint. It is further alleged that said Martha, at that time, was the owner of a large amount of personal property, to wit, to the value of eight hundred dollars; that after the accruing of said indebtedness, said Martha intermarried with said defendant William Shore, and that they yet remain husband and wife. It is also stated that said Martha turned over and gave to said defendant William, after the said marriage, all of said personal property, and that the said William received through her as aforesaid the said personal property, of the value of eight hundred dollars, as aforesaid; that she is now wholly insolvent, she having given said defendant all of her property as aforesaid; wherefore the plaintiff says the defendant William Shore became liable to pay said plaintiff said indebtedness, and that the same is due and unpaid; wherefore the plaintiff demands judgment against said William for six hundred dollars.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled.

William Shore then answered, 1. A general denial. 2. Payment by the said Martha before said marriage. 3. That on the 1st day of November, 1870, two days before the said marriage, the said Martha and the plaintiff accounted with each other and settled all their claims and demands existing between them, and a balance was then struck in favor of the plaintiff, of sixty-five dollars and fifty cents, which sum the said Martha then paid to the plaintiff and took her receipt in full of said account, a copy of which is filed with the answer. 4. Set-off of an account in favor of said Martha to the amount of five hundred dollars. 5. Set-off of an account in favor of said William Shore in the amount of five hundred dollars. 6. That the cause of action did not accrue within six years next before the commencement of the action. Reply in denial of the second, third, fourth, fifth, and six paragraphs of the answer.

The jury which tried the cause found a general verdict for the plaintiff in the sum of four hundred dollars, and answered interrogatories, as follows:

" 1. Did William Shore receive any money or property by gift from his wife? If so, what amount of money or what articles of property and the value of the same?

" Answer. He did, viz., cash on note, value of two hundred and seventy dollars; two horses, one hundred and eighty dollars; one wagon, sixty dollars; cow, twenty-eight dollars; plow and harness, twenty dollars."

A motion for a new trial for the following reasons was made by the defendant: 1. The verdict is not sustained by sufficient evidence, and is contrary to law. 2. The verdict is contrary to the evidence. 3. Because the amount of the finding of the jury is too large. 4. The evidence does not sustain the finding of the jury. 5. Because the court refused to allow the jury to answer interrogatory number one, on motion of the defendant, as shown by the bill of exceptions. 6. Because the court gave to the jury charge No. —, as shown in the bill of exceptions. 7. Because the court refused to give to the jury charges —, as shown by the

bill of exceptions. 8. Because the court admitted certain rebutting testimony to be given by the plaintiff, over the objections of the defendants, as shown in the bill of exceptions. This motion was overruled by the court, and final judgment was rendered on the verdict.

The following are the errors assigned: 1. Overruling the motion for a new trial. 2. Giving instruction one, and refusing to give two, three, four, and five, as shown in the bill of exceptions. 3. Admitting the plaintiff's rebutting evidence on the subject of the receipt, as shown in the bill of exceptions. 4. Refusing to allow the jury to answer interrogatory number one, as shown in the bill of exceptions. 5. Overruling the demurrer to the complaint. 6. The complaint is defective, in this, that it does not make Martha Shore a defendant or party to the action, whilst the liability of her husband, if he be liable at all, is but secondary, after exhausting the wife's means. 7. The court erred in rendering judgment against the defendant below.

It is plain that there has been neither skill nor care used in the management of this case from the commencement till the present time. The complaint properly unites the husband and wife as defendants, and shows a cause of action against both of them, but concludes by praying for judgment against the husband alone, alleging the insolvency of the wife. The wife is clearly liable to pay the debt contracted *dum sola*, while the husband, though not liable as at common law, is liable by statute on account of the property received from his wife, and to the extent of its value. 1 G. & H. 373, sec. 1. Why it should have been supposed that because the wife was insolvent, it became necessary or proper to ask judgment against the husband alone, we do not see. The demurrer to the complaint was by both of the defendants jointly, and, we think, for this reason, was properly overruled. The husband had a right to complain, if any one, that the wife was not united in the prayer for judgment. She can not complain that judgment was not asked against her. A demurrer must be well taken as to all those uniting in it,

or it should be overruled as to all of them. *Estep* v. *Burke*, 19 Ind. 87; *Teter* v. *Hinders*, 19 Ind. 93. Conceding that: the failure to ask for judgment against the wife was ground of demurrer as to the husband, which we need not decide, still it was not an objection which the wife could urge, and. under the joint demurrer was not good as to either. So much as to the fifth assignment of errors, which alleges the improper overruling of the demurrer to the complaint.

The sixth assignment of error, alleging a defect of parties. because Martha Shore was not made a party, presents an objection which can not be made in this manner and at this. stage of the case. Such an objection, when not taken by demurrer or answer, is waived. 2 G. & H. 81, sec. 54.

There is nothing, that we can see, in the seventh assignment of error. If there was no reason shown why a new trial should have been granted or the judgment arrested, it was the duty of the court to render the proper judgment on. the verdict.

The second, third, and fourth assignments of error may be reasons for a new trial, but they can not be assigned as errors..

Under the first assignment of errors, we must look to the reasons for a new trial, as stated in the motion of the defendant, which we have already set out.

As to the sufficiency of the evidence to sustain the verdict: of the jury, we think there can be no reasonable question.. It shows the services rendered by the plaintiff, and shows. that the defendant received the amount of personal property and money in consequence of his marriage; that his wife was of feeble mind and infirm health, and that he used the property and money as his own. He is held "liable for the debts and liabilities of the wife contracted before marriage,. to the extent of the personal property he may receive with. or through her, or derive from the sale or rent of her lands,. and no further." 1 G. & H. 373, sec. 1. He is not liable merely because he marries a woman who owns property, for the property by law remains her own, and it was not the intention of the legislature to render him liable, except to

the extent of the property or means he might have received by or through her.   *Hetrick* v. *Hetrick*, 13 Ind. 44.   The personal property of the wife held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift, remains her own property, and her husband can not be charged with her debts contracted while sole, unless he receives such property with or through her.   In this case it appears that the husband received the money and property of the wife as found by the jury.   We can not say that the amount of the verdict of the jury is too large.

The fifth, sixth, seventh, and eighth reasons for a new trial can not be examined.   They refer to the bill of exceptions for the certainty and particularity which should have been stated in the motion.   The bill of exceptions was not yet made when the motion was presented, and to refer to a bill of exceptions afterward to be made for particulars and certainty can not be allowed.   The court below is entitled to a fair degree of certainty in stating the reasons for a new trial.   This particularity and certainty can not be supplied by a reference to a bill of exceptions afterward to be made, nor by assigning as error what ought to be stated in the motion as a reason for a new trial.

The judgment is affirmed, with costs.