## LONG *v.* ZOOK.

NEW TRIAL.—*Motion.*—A motion for a new trial made by the defendant assigned as a cause, "error of law occurring at the trial in the court permitting evidence to go to the jury offered by the defendant, as shown by bill of exceptions; and also in refusing to allow evidence to go to the jury offered by the defendant, and excepted to by defendant at the time, as shown by bills of exceptions filed."

*Held,* that this was too indefinite to raise any question.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley,* for appellant.

*C. F. McNutt* and *G. W. Grubbs,* for appellee.

DOWNEY, J.—Zook sued Long for an assault and battery committed upon him, charging in his complaint that Long struck him with a deadly weapon, called a mace, injuring and wounding him, and at the same time drew and aimed at and against his person a loaded pistol, and endeavored to shoot him, and claiming damages in the sum of five hundred dollars.

Long answered in three paragraphs:

1. A general denial.

2. That the assault and battery was in his own defence.

3. That it was in defence of himself and one Gerholt, his servant.

Reply in denial of the second and third paragraphs of the answer.

A trial by jury resulted in a verdict for the plaintiff, with damages in the sum of three hundred dollars.

The defendant submitted a motion for a new trial, stating four causes therefor, to wit:

"1. Error in the assessment of the amount of recovery, being too large.

"2. Because of excessive damages.

"3. That the verdict of the jury is contrary to law.

"4. Error of law occurring at the trial in the court permitting evidence to go to the jury offered by the defendant, as shown by bill of exceptions; and also in refusing to allow evidence to go to the jury offered by the defendant, and excepted to by defendant at the time, as shown by bills of exceptions filed."

This motion was overruled, and final judgment rendered on the verdict.

The only error properly assigned is the overruling of the motion for a new trial.

The first two reasons for a new trial present but one question, and that is as to the amount of the damages awarded the

plaintiff by the jury. The allegations of the complaint were substantially proved. The assault and battery was without justification or mitigation, and attended with more than ordinary cruelty. In our opinion, the amount of damages given was not at all excessive.

The third reason for a new trial is not urged here.

The fourth cause for a new trial is too indefinite to raise any question. *Sim* v. *Hurst*, 44 Ind. 579.

The judgment is affirmed, with ten per cent. damages and costs.