## NOBLE *v.* DICKSON ET AL.

NEW TRIAL.—A motion for a new trial assigned as a cause, that the court erred in allowing testimony to be given to the jury, over the objection of the defendant, " as shown by the bill of exceptions," and in refusing to allow the defendant to give testimony, " as shown by bill of exceptions." No bill of exceptions was then in the record, and none was filed for some time thereafter.

*Held,* that there was nothing to point the court to the supposed errors, and the motion was properly overruled.

SAME.—*Instructions to Jury.*—To make an exception to an instruction a part of the record, it must appear in a bill of exceptions, or the exception must be noted upon the charge, and be signed by the party or his attorney.

From the Marion Superior Court.

*L. Barbour* and *C. P. Jacobs,* for appellant.

*A. Seidensticker, N. B. Taylor,* and *E. Taylor,* for appellees.

WORDEN, J.—This was an action by the appellees against the appellant on an account. Issue, trial by jury, verdict and judgment in favor of the plaintiffs at special term, and the judgment affirmed at general term.

There is no question in the cause other than that arising upon the motion for a new trial. The following were the reasons filed for a new trial:

" 1. The damages are excessive.

" 2. The verdict is not sustained by sufficient evidence.

" 3. The verdict is contrary to law.

" 4. The court erred in allowing testimony to be given to the jury, over the objection of the defendant, as shown by the bill of exceptions, and in refusing to allow defendant to give testimony, as shown by bill of exceptions.

" 5. The court erred in giving the fourth instruction to the jury."

With regard to the first three reasons for a new trial, we may observe that the evidence is, in some degree, unsatisfactory, and, in some respects, conflicting; but we think it tends to sustain the verdict. It has been passed upon, first, by the

judge before whom the cause was tried; and, secondly, by the three judges of the court below, who heard the cause on appeal to general term. We do not think the case is such as requires us to interpose and disturb the verdict upon the evidence.

At the time the motion for a new trial was made and the reasons therefor filed, there had not been any bill of exceptions filed whatever. No bill of exceptions was filed until some time thereafter. Hence, the fourth reason for a new trial brought nothing to the attention of the court. Upon reading that reason, the judge would have to look to the bill of exceptions to ascertain what evidence or testimony was alluded to. But no bill of exceptions had been filed, and there was nothing to point the court to the supposed errors. This mode of setting out the reasons for a new trial was held to be insufficient in the cases of *Sim* v. *Hurst*, 44 Ind. 579, and *Shore* v. *Taylor*, 46 Ind. 345.

The fifth reason for a new trial is the giving of the fourth instruction. But the instruction is not legitimately any part of the record. It is not contained in any bill of exceptions, nor was an exception noted upon the charge, "signed by the party or his attorney," as provided for by sec. 325, 2 G. & H. 201. An exception is noted, but not signed as required by the statute. We can not, therefore, notice the instruction.

The judgment below is affirmed, with costs.