## DROVER *v.* THE CITY OF HUNTINGTON.

SUPREME COURT.—*New Trial.*—Where no exception has been reserved to any of the pleadings in an action or taken during the trial, and the evidence is not in the record, the Supreme Court cannot decide that "the finding is contrary to law."

From the Huntington Circuit Court.

*Sayler & Kenner, F. M. Finch,* and *J. A. Finch,* for appellants.
*B. F. Ibach, B. K. Elliott,* and *A. C. Ayers,* for appellee.

BIDDLE, J.—The record in this case informs us that the appellee brought suit against the appellant, to recover a certain share of the school fund. The complaint contains two paragraphs.

Certain answers were filed by the appellant, and demurred to by the appellee, all of which were withdrawn, and an answer in general denial filed to the whole complaint. The cause was then submitted to the court for trial on a "partial agreed state of facts, and some other facts not agreed to, which agreed state of facts and those not agreed upon, but claimed by the different parties, are in these words."

After the agreed state of facts was submitted to the court, "evidence was heard upon the facts not agreed upon, and upon the evidence adduced; and upon the agreed statement of facts the court found for the plaintiff." What the "evidence adduced" was, nowhere appears, nor are we anywhere informed that the record contains all the evidence given in the case.

After the finding for the appellee by the court, the appellant moved for a new trial, the sole cause assigned for which is, that "the finding is contrary to law."

The motion was overruled, and an exception taken. This is the only exception in the record, either of law or fact.

No exceptions having been reserved to the pleadings, and none taken during the trial, and the evidence not being in the record, there is no question before us to decide. In such cases

it is impossible for us to say that " the finding is contrary to law," and the presumption being in favor of the judgment below, it must be affirmed here.    *Snodgrass* v. *Hunt,* 15 Ind. 274 ; *Barnard* v. *Graham,* 14 Ind. 322 ; *Bosseker* v. *Cramer,* 18 Ind. 44 ; *Eden* v. *Lingenfelter,* 39 Ind. 19 ; *The Pittsburg, etc., R. R. Co.* v. *Hennigh,* 39 Ind. 509 ; *Fisher* v. *Purdue,* 48 Ind. 323 ; and *Shore* v. *Taylor,* 46 Ind. 345.

The judgment is affirmed.