### COBBLE *v.* TOMLINSON.

PRACTICE.—*Motion for New Trial.*—Error in ruling upon a demurrer, or on a motion to strike out parts of a pleading, or in refusing to try causes of action set up in different paragraphs of a complaint separately, are not reasons for a motion for a new trial.

SAME.—A motion for a new trial assigning as reasons the improper admission or exclusion of evidence, or the giving or refusing of instructions, but not pointing out the evidence admitted or excluded, or the instructions given or refused, cannot be made sufficiently specific by reference to bills of exceptions not on file at the time the motion was filed.

SAME.—*Assignment of Error.*—Ruling on a motion to strike out parts of pleas, or in refusing to try causes of action separately, must be assigned as error, else no question is raised thereon for review.

PARTNERSHIP.—*Dissolution.*—The death of a partner dissolves the partnership.

SAME.—*Right of Surviving Partner to Real Estate.*— *Widow.*—A surviving partner has the right to control real estate held by the partners until the partnership debts are paid and the affairs of the firm finally settled, and until such time the widow of a deceased partner has no separate share in the partnership property.

From the Clay Circuit Court.

*S. W. Curtis, W. W. Carter,* and *S. D. Coffey,* for appellant.
*D. E. Williamson* and *A. Daggy,* for appellee.

BIDDLE, C. J.—The complaint of the appellee against the appellant charges that Calvin Tomlinson (then her husband) entered into copartnership with appellant, for the purpose of buying wild and unimproved lands in Parke county, Indiana, and converting the timber thereon into merchantable lumber, which business they continued to so conduct till the death of Calvin Tomlinson; that in the course of said partnership they bought certain lands, and erected thereon a steam saw-mill, out of their joint funds; that they bought a certain tract of land, described, for thirty-two hundred dollars, paid certain sums down, received a conveyance, gave notes for the balance of the purchase-money, secured by mortgage on the land purchased; that they fully paid for said lands out of the proceeds of the partnership; that the lands, with the mills thereon, were worth eight thousand dollars; that Calvin Tomlinson died intestate, without issue, leaving appellee as his widow, with certain heirs named; that she was entirely ignorant of the condition of said partnership affairs, and without any means of information, except as she derived it from appellant; that her husband, at the time of his death, was seized of two-thirds of one-half of all said real estate; that shortly after the death of her husband, the appellant, who was fully informed of the condition of said estate, represented to her that, for the purpose of settling said estate cheaply and properly, it was necessary that the appellee should execute a deed to him for her interest in said real estate, and also a power of attorney to settle the personal debts, and to dispose of the personal property, and with speed and economy to settle said estate, which could be done only by means of said conveyance and power of attorney; that appellant falsely alleged that the brothers of her deceased husband were attempting to cheat and defraud the appellee out of her interest in said real estate, and would do so unless she made such conveyance; that appellee, believing and trusting the appellant, so made the conveyance to him upon said fraudulent representations, without any consideration therefor;

that appellant fraudulently refused to inform appellee of her rights in the premises, but kept them concealed from her; that it was not appellant's object to settle said estate and pay its debts, but to cheat and defraud the appellee; that he has failed to settle said estate and pay the debts, and has cut and removed all the valuable timber from said land and converted the same to his own use; that large sums of money are lying in the Parke Circuit Court for damages assessed by the location of a certain railroad over said land, which money the appellant claims; that said appellant and Calvin Tomlinson, at the time of Tomlinson's death, had lumber sawed and ready for the market of the value of two thousand dollars, of which she had no knowledge at the time she executed the conveyance of the land and the power of attorney aforesaid; that her part of the real estate was reasonably worth three thousand dollars.

There is a second paragraph in the complaint for land sold and conveyed, on a *quantum meruit* count, averring the land to be of the value of three thousand dollars.

Prayer to set aside the conveyance and power of attorney, or, in the alternative, to give her judgment for the value of the land.

Various motions were made to strike out the complaint, separate parts of it, and to divide the action, which need not be noticed, for reasons which will appear in this opinion.

A demurrer was filed to the first paragraph of the complaint, for want of facts sufficient, which was overruled, and exception taken.

Answer, cross complaint, and set-off were pleaded to the complaint.

A trial by jury was had, and a verdict for appellee.

A motion for a new trial was made, and the following causes assigned:

1. That the court erred in overruling the demurrer of the defendant to the first paragraph of the plaintiff's complaint.

2. The court erred in overruling the motion of the defendant to strike out the second paragraph of the plaintiff's complaint, as shown in bill number 1.

3. The court refused to set down as separate actions, to be tried separately, the two causes of action set up in the first and second paragraphs of the plaintiff's complaint, as shown in bill number 3.

4. That the court erred in striking out parts of the answer and cross bill of the defendant, as shown by bill number 4.

5. The court erred in refusing to admit evidence on the trial of said cause, as shown in bill number 5.

6. The court erred in admitting evidence to be given to the jury, as shown in bills numbered 6, 7, 8, 9, and 10.

7. That the court erred in refusing to instruct the jury as asked by the defendant, as shown in bill number 11.

8. That the court erred in instructing the jury, as shown in bill number 12.

9. That the verdict is not sustained by evidence.

10. That the verdict is contrary to evidence.

11. That the damages are excessive.

The motion for a new trial was overruled, and exception taken. Judgment and appeal.

The errors assigned in this court are:

1. The first paragraph of the appellee's complaint does not state facts sufficient to constitute a good cause of action.

2. The court erred in overruling the appellant's demurrer to the first paragraph of the appellee's complaint, when the same should have been sustained.

3. The court erred in overruling the defendant's motion for a new trial, when the same should have been sustained, and a new trial granted to this appellant.

The first, second, third, and fourth assignments, under the motion for a new trial, are not causes for a new trial. They go only to the pleadings. It is very apparent that a new trial would not remedy the error complained of. If properly reserved, they might be made good assignments of error in this court.

Causes numbered 5, 6, 7, and 8, assigned under the motion for a new trial, are not sufficiently specific to raise any question in this court. The motion for a new trial was made the

28th of June, 1873, and overruled on the same day. The bills of exceptions mentioned, from five to twelve inclusive, referred to in the last mentioned causes assigned for a new trial, were not signed or filed until August and September afterwards, consequently they had no existence at the time the motion for a new trial was made and overruled. It is impossible for a court to act intelligently on the contents of a bill of exceptions which had no existence at the time the motion was decided. The assignments, therefore, are not more specific by the reference to the bills of exceptions, than if the reference had not been made; and without the reference they are too general to raise any question in this court. *Sim* v. *Hurst*, 44 Ind. 579; *Dawson* v. *Hemphill, ante,* p. 422; *Scott* v. *The Indianapolis Wagon Works,* 48 Ind. 75; *Long* v. *Zook,* 48 Ind. 125; *Noble* v. *Dickson,* 48 Ind. 171; *Rogers* v. *Rogers,* 46 Ind. 1; *Shore* v. *Taylor,* 46 Ind. 345; *Murphy* v. *Wilson,* 46 Ind. 537.

The second, third, and fourth causes assigned for a new trial are not before us, because they are not assigned as error in this court. The third assignment of error in this court properly raises the question made by the ninth, tenth, and eleventh causes for a new trial. The insufficiency of the complaint and the question raised by the ninth and tenth causes for a new trial, namely, the insufficiency of the evidence to support the verdict, and the question raised by the eleventh cause for a trial, namely, excessive damages, are all the questions properly brought before us.

We are of the opinion that the complaint is insufficient. The death of Calvin Tomlinson dissolved the partnership. The property conveyed by the appellee, for which she sues, was partnership assets. The appellant, as surviving partner, had a right to the control of all the partnership effects until the partnership debts were paid, and the affairs of the firm finally settled. The appellant had no separate share in the partnership property until such final settlement was made. There is no averment in the complaint that the debts of the partnership were paid. For aught that appears on its face, the property

sued for may be needed in the final settlement of the partnership affairs. For want of these averments, the complaint must be held insufficient. *Harbison* v. *The Bank, etc.*, 28 Ind. 133; *Kistner* v. *Sindlinger*, 33 Ind. 114; *Smith* v. *Evans*, 37 Ind. 526; *Huston* v. *Neil*, 41 Ind. 504; *Skillen* v. *Jones*, 44 Ind. 136; and *Briggs* v. *Daugherty*, 48 Ind. 247.

And we are of the opinion that the evidence does not support the verdict under the second paragraph of the complaint. It shows throughout that the property conveyed was partnership assets, and nowhere shows that the partnership debts had been paid, and its affairs finally settled. It is not a question of the weight of evidence. There is a link missing in its chain, necessary to be supplied before the appellee can recover.

The judgment is reversed, with instructions to sustain the motion for a new trial, and for further proceedings.