### RANK *v.* HANNA and Another.

A husband who has conveyed land in which his wife has an inchoate right of dower, can not, by any subsequent act, affect the interest of the wife.

Where a husband, being seized in fee of an undivided interest in land, conveys it to a third person, who, during the life of the husband, causes it to be set off to himself in severalty, the wife, after the husband's death, may have her dower assigned out of the whole tract, as if no partition had been made.

APPEAL from the *Tippecanoe* Court of Common Pleas.

HOVEY, J.—On the 8th day of *March*, 1853, *Elizabeth Rank* brought an action, in the Court of Common Pleas

of *Tippecanoe* county, for dower. *Hanna* and *Reynolds*, the defendants, answered, admitting that *William E. Rank*, the husband of the petitioner, was seized of one undivided eighth part of the tract of land described in the petition, and averring that they were seized in fee simple of six-eighths, and one *Clark Williams* of the remaining eighth part of said land. That *William E. Rank*, on the 19th day of *September*, 1844, conveyed his part in said land to one *Lyman Beeman*, and that *Beeman, Williams,* and the defendants agreed that the whole tract should be platted as an addition to the town of *Lafayette*, and that the respective owners should hold their shares in the lots in severalty; and that to carry this agreement into effect, *Williams* and *Beeman*, with their wives, on the 3d day of *November*, 1844, conveyed their interest to the defendants, who platted the same, and recorded their plat embracing the tract, as *Hanna* and *Reynolds'* addition to *Lafayette*. That on the next day, the defendants conveyed to *Beeman* seven and one-half of the lots in the addition, being one-eighth of the whole number in value. That *William E. Rank* died long after all these transactions, and that no part of the lots conveyed by *Beeman* are embraced in the complaint.

To this answer the plaintiff demurred, alleging as a cause that the answer does not contain sufficient facts to bar the plaintiff of her action, &c. Joinder in demurrer, demurrer overruled, and judgment in favor of the defendants.

The defendants insist that *Beeman*, by the conveyance from the plaintiff's husband, became vested with his title, and during his life could exercise all the control and power over that title that the husband could, had it remained in him. And that had this title remained in the husband, he could have made partition with his co-tenants, and the dower right of the plaintiff would have attached only to the part set off to the husband in severalty.

We will not stop to inquire what the husband might have done had he lived, nor what the consequences might be in any supposed state of facts. When a husband conveys land in which the wife has an inchoate right of dower, no act done by him subsequent to the conveyance

can affect the interest of the wife. Dower was given by our statutes for the support and maintenance of widows, and to permit any act of the husband to lessen or injure that right would be in direct opposition to the spirit and meaning of the law. The language of the statute itself is a complete answer to the position assumed by the defendants. " No act, deed, or conveyance, performed or executed by the husband, without the assent of his wife, evidenced by her acknowledgment thereof, in the manner required by law; nor any sale, disposition, transfer, or incumbrance, of the husband's property, by virtue of any decree, execution, or mortgage, to which she shall not be party, except as provided otherwise in this article, shall prejudice .or extinguish the right of the wife to her dower or jointure, or preclude her from the recovery thereof, if otherwise entitled thereto." R. S. 1843, p. 430, s. 95. See *McMahon* v. *Kimball*, 3 Blackf. 1.

The husband was seized, during coverture, of an undivided eighth part of the lands in controversy, and in that the widow is entitled to dower. It would be unreasonable and unjust to suppose that any particular mode of using the property by the vendee, could change or affect her rights.

The cases of *Matthews* v. *Matthews*, 1 Edwards' Ch. R. 567, and *Potter* v. *Wheeler*, 13 Mass. 504, cited by the defendants, have no analogy to this. In those cases the question was as to the rights of the widow in lands which had been divided by partition in the lifetime of the husband.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*D. Newell* and *E. A. Greenlee*, for the appellant.

*R. C. Gregory*, *R. Jones* and *S. W. Telford*, for the appellees.