Groves and Others v. Marks and Others.

REAL PROPERTY, ACTION TO RECOVER.—*Pleading.*—*Evidence.*—In an action, under the code, for the recovery of real property, on a complaint averring the *legal* right of the plaintiff to the possession, he cannot recover on an equitable title.

APPEAL from the Clay Circuit Court.

GREGORY, J.—This action is to recover the possession of real property by the heirs-at-law of John Groves against the appellees. The complaint avers, that the plaintiffs are the owners in fee simple and entitled to the possession of the land sought to be recovered. The court below, on the trial of the issue, found specially as follows:

"First. That, in the year 1835, Robert H. Paine entered the land in controversy from the United States, paid the purchase-money, entered into possession, and continued therein until 1837.

"Second. That, in the year 1837, the said Paine sold and conveyed said premises to Caleb Brundige, who paid the purchase-money, entered into possession, and continued therein until 1838.

"Third. That, in the year 1838, the said Brundige, by a parol contract, sold the said premises to John Groves, who paid the purchase-money, entered into possession thereof, and continued to occupy until April, 1843, when he departed this life, leaving the plaintiffs as his children and heirs-at-law, who continued to occupy the said premises until 1847.

"Fourth. That, in the year 1847, George G. McKinley entered into possession of said premises, and has continued by himself and grantees to hold possession and occupy the said premises to the present time, and that the defendants, Isaac Marks and others, as such grantees, are now in the possession of said premises."

Upon these facts the court found for the defendants.

The plaintiffs moved for a judgment in their favor upon the facts found, notwithstanding the general verdict. The court overruled the motion, and rendered final judgment for the defendants. This presents the only question in the case.

It is claimed that the plaintiffs could recover in this form of action on an equitable title. We gave this question a careful consideration in *Rowe* v. *Beckett,* 30 Ind. 154, and the conclusion then arrived at is entirely satisfactory to our minds. In an action, under the code, for the "recovery of real property," on a complaint averring the *legal* right of the plaintiff to the possession, he must recover on a *legal,* and not an equitable title.

Judgment affirmed, with costs.

*S. Claypool* and *E. Miles,* for appellants.

*D. E. Williamson* and *A. Daggy,* for appellees.