Filed Feb. 17, 1886.

No. 6770.

## REEVES v. HOWES ET AL.

MARRIED WOMAN.—*Mortgage.*—*Estoppel.*—A married woman, who is not bound by a debt nor by the covenants of a mortgage given to secure its payment, is not estopped from claiming title to land conveyed to her in exchange for the mortgaged property, by a *bona fide* purchaser of the latter before the recording of the mortgage.

PRACTICE.—*Pleading.*—Where the complaint is bad, the overruling of a demurrer to an insufficient answer is not available error.

From the Wayne Circuit Court.

*J. P. Siddall, W. D. Foulke* and *J. L. Rupe,* for appellant.

*C. H. Burchenal* and *C. B. Walker,* for appellees.

Woods, C. J.—Counsel for the appellant have stated the case and the propositions on which they rely as follows:

" This action was brought by appellant, Reeves, upon a note of the appellee James B. Howes, secured by a mortgage executed by said appellee and Maggie A. Howes, his wife, upon forty-two acres of his land in Wayne county. The mortgage was not recorded until after defendants Howes had exchanged the land mortgaged with defendant Rothert, a purchaser in good faith, for lot 38, in Roberts and Brown's addition to Richmond, the deed to which lot was taken in the name of Maggie A. Howes. It was sought to recover judgment against J. B. Howes on the note, to have the mortgage declared a lien upon lot 38, and to have the conveyance from J. B. Howes to his wife, by means of this exchange, set aside as fraudulent and without consideration, J. B. Howes being insolvent at the time. Judgment was recovered by plaintiff against J. B. Howes on the note, but in favor of Maggie A. Howes upon the other issues; and from the judgment in favor of Maggie A. Howes the plaintiff appeals.

" We insist that the mortgage lien has been transferred from the forty-two-acre farm to lot 38, upon each of the three following grounds, each being independent of the others:

"*First.* Because every mortgage, while it may not establish a technical trust, yet creates a fiduciary relation in so far that it imposes upon the mortgagor the duty, in conscience and equity, to do no *affirmative* act which shall destroy or impair the value of the security, and that Howes, by exchanging the mortgaged property with Rothert for lot 38, and conveying the mortgaged property to Rothert free from encumbrances thereby destroyed the security, and that a trust is consequently imposed upon lot 38, being the proceeds of such mortgaged property.

"*Second.* That even if such mortgage originally created no trust of any description, yet the fraudulent act of Howes in transferring the mortgaged property to a purchaser in good faith in such manner as to extinguish the lien of the mortgage,

thereby created a trust and made the proceeds of the mortgaged property subject to the same lien as the original property.

"*Third.* That inasmuch as Reeves' mortgage interest in the mortgaged property constituted part of the consideration paid for lot 38, and such interest was used in the purchase of said lot without Reeves' consent, a resulting trust arose in favor of Reeves upon lot 38."

. It is assumed, throughout the very elaborate and learned argument of counsel for the appellant, and necessarily so, as it is the pivot of the argument, that the mortgaged premises, when mortgaged and when conveyed to Rothert, were owned by James B. Howes, the maker of the note secured by the mortgage.

On examination of the complaint, however, we find in it no averment in respect to the ownership; and from the entire pleading, including exhibits, some of which can not be regarded because they are not proper exhibits, it is not possible to infer in favor of the pleader, that the ownership was as it has been assumed to have been. The only allegations which may be deemed relevant to the point are, that the mortgage was made by James B. Howes and his wife, Maggie, and that they both, with the intent to defraud the plaintiff, made the bargain with Rothert and conveyance to him. It can not be said, therefore, whether the land was owned by the husband or wife, or by both, or, indeed, that either of them had title, and it necessarily follows that the questions discussed are not presented.

Mrs. Howes was not personally bound for the debt, nor by the covenants of the mortgage given to secure its payment, and, consequently, is not estopped by contract from asserting title to the land conveyed to her, even if the positions of counsel for the appellant be conceded. As against her, therefore, the complaint is not good, and the overruling of a demurrer to an answer could not have been error.

Judgment affirmed.

Filed March 7, 1883; petition for a rehearing overruled Jan. 26, 1886.