106 296
130 465
106 296
131 294
106 296
142 224
106 296
145 67
106 296
148 659
148 661
152 59
152 66
106 296
155 426
106 296
c166 420
106 296
170 504

## No. 12,489.

## GRISSOM ET AL. *v.* MOORE ET AL.

HUSBAND AND WIFE.—*Widow's Interest in Property Devoted to Partnership Use.*—Where real estate has been devoted by a husband to the use of a partnership of which he is a member, the wife's inchoate interest therein, in the absence of a 'conveyance in which she joins, is not affected, but as to the improvements placed thereon for partnership purposes she is merely entitled to take as any other heir.

SAME.—*Contract.—Partnership.—Rights of Widow and Heirs.*—Where, in pursuance of a partnership arrangement to engage in the milling business, one contributes a lot and a building which he erects thereon, and another the mill machinery, in all of which it is agreed they shall be equal owners, and the former subsequently conveys an undivided half interest to a third person, but dies without conveying the other half to his partner as originally agreed, his widow takes a one-third interest in the half of the lot not conveyed, but no interest in the building or other improvements, while the other heirs take no interest in either lot or improvements, in such case the improvements as to the widow, and both lot and improvements as to the other heirs, being treated as personal property of the firm.

QUIETING TITLE.—*Equitable Title.—Complaint.—Specific Performance.*—In a suit to quiet title it is only necessary that the plaintiff disclose in his complaint whether the title claimed be legal or equitable, and if equitable, all the facts which go to maintain it may be set out, even though they show a right in the plaintiff to a specific performance of an agreement to convey.

PRACTICE.—*Postponement to Take Deposition.*—It is within the discretion of the trial court to grant a postponement to enable a party to take a deposition.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellees.

MITCHELL, J.—On the 25th day of January, 1865, Isaac Grissom was the owner of three vacant lots in the town of Cicero, in Hamilton county. He entered into a contract with John Martz, whereby it was agreed, in consideration that Martz would move the machinery of a certain flouring-mill owned by him into a mill building to be provided, he, Grissom, would erect such building on the lots owned by him and convey to Martz an undivided one-half interest in the lots and building. It was further agreed that they should be thereafter equal owners in the lots and mill, and become partners in the milling business, using the lots and mill in their partnership business.

The building was erected, the machinery moved into it, and the partnership business entered upon. In August, 1865, Grissom sold his interest in the partnership property, and he and his wife joined in the conveyance of an undivided one-half of the lots to Reitz, who became a partner with Martz in the business. By certain mesne conveyances of their respective interests, the title of Reitz and Martz in the property has been acquired by Moore and Stehman, who are partners in conducting the milling business. The property has been in the possession of the respective owners, and has been used as partnership property continuously from the time the mill was erected and equipped.

Grissom continued to live in the vicinity, and knew of the several transfers of the property. He never claimed any interest in it after his conveyance to Reitz in 1865.

In 1875 Grissom died intestate, without having conveyed to Martz as he had agreed. He left surviving Margaret Grissom, his widow, who was his wife at the time the agreement was made with Martz, and other heirs who are parties to this suit. Moore and Stehman brought this suit against the widow and heirs, alleging in their complaint that they were asserting an unfounded claim to an interest in the property. They asked to have their title quieted.

The widow and heirs filed a cross complaint, and asked to have the title to the undivided one-half quieted in them.

The court below, having specially found the facts substantially as above recited, stated as a conclusion of law that the plaintiffs were entitled to have their title quieted to the whole property against all the defendants.

Out of the facts found several questions arise: *First.* As to the rights of the widow.

The husband having been during the marriage seized in fee simple of the lots mentioned, and the wife never having joined in any conveyance of the undivided one-half, it is not perceived how her rights as widow have been defeated. It is beyond question that the interest of a surviving wife in the partnership real estate owned by a firm of which her deceased husband was a member, will be confined to what may remain of her husband's interest after the final adjustment of the affairs of the partnership. *Huston* v. *Neil,* 41 Ind. 504, and cases cited; *Cobble* v. *Tomlinson,* 50 Ind. 550. That principle is, however, not available in this case. The lots were the individual property of the husband prior to the agreement with Martz. Being thus seized of the property during marriage, he could not defeat the inchoate right of his wife by an agreement to devote it to the purposes of a partnership, nor by any other agreement short of a conveyance in which she should join.

Section 2491, R. S. 1881, secures to the wife, at the death of her husband, one-third in fee simple in all the real estate of which he may have been seized during the marriage and in the conveyance of which she may not have joined in due form of law. Section 2499 provides that "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law, * * * shall prejudice or extinguish the right of the wife to her third of his lands," etc.

The inchoate right of the wife attaches as an incident to the seizin of the husband during marriage. It can not be

·divested or defeated by any act or charge of the husband, nor ·otherwise, except in the manner above provided. It can only be barred by a conveyance in which she joins, or by some proceeding to which all estates are subject, such as the exercise of the power of eminent domain, and the like. Her interest in lands thus owned and conveyed by the husband, in the conveyance of which she has not joined, becomes consummate on his death. It accrues by virtue of the marital relation. She does not take as heir in lands so conveyed. *Rank* v. *Hanna,* 6 Ind. 20; *Verry* v. *Robinson,* 25 Ind. 14; *May* v. *Fletcher,* 40 Ind. 575; *Brannon* v. *May,* 42 Ind. 92; *Bowen* v. *Preston,* 48 Ind. 367; *Derry* v. *Derry,* 74 Ind. 560; *Hendrix* v. *McBeth,* 87 Ind. 287; *Mark* v. *Murphy,* 76 Ind. 534.

It is clear, therefore, that upon the death of her husband Margaret Grissom became entitled to one-third in fee simple in the undivided one-half of the lots.

The question still remains, did she take any interest in the improvements?

Under the agreement found by the court Grissom contributed the lots and the building to the joint enterprise, and Martz the mill machinery. The several contributions were thus brought into the firm as stock, or firm property. Substantially, it became the capital stock of the firm, and as respects the partners, and those claiming through them, it was impressed with the character of partnership property. *Roberts* v. *McCarty,* 9 Ind. 16; *Huston* v. *Neil,* 41 Ind. 504; *Clark's Appeal,* 72 Pa. St. 142; *Hiscock* v. *Phelps,* 49 N. Y. 97; Lindley Partnership, 652, and notes.

Improvements made even ·on lands owned by one partner, if made with partnership funds, or for the purposes of the partnership, are to be treated as the personal property of the firm. *Lane* v. *Tyler,* 49 Maine, 252; *Averill* v. *Loucks,* 6 Barb. 19. That each partner contributed distinct portions of the improvements, did not make it different. When brought together they constituted partnership property none the less.

As we have already seen, the inchoate right of the wife in the lots was not subject to be defeated by the agreement with Martz. Her interest attached by virtue of the seizin of her husband, and he was seized before the agreement was made. It was not so with respect to the improvements. These became partnership property before any rights of the wife attached. Since they were the contributions of the partners to the capital of the firm, they became partnership assets, the same as if they had been acquired with the funds of the partnership, and are to be treated as personal property belonging to the firm. In the improvements, as in all other personal property of the firm, the rights of the widow and heirs are subject to the adjustment of all claims between the partners, and attach only to the surplus which remains when the affairs of the partnership are wound up. *Matlock* v. *Matlock*, 5 Ind. 403; *Huston* v. *Neil, supra; Cobble* v. *Tomlinson*, 50 Ind. 550; *Haas* v. *Shaw*, 91 Ind. 384 (46 Am. R. 607); 1 Scribner Dower, 563.

The husband having sold his interest in the property, which, as we have seen, became personal assets of the partnership, he had at the time of his death no estate therein which the law cast upon his heirs.

As to the lots in which she took an interest by virtue of her marital rights, as purchaser, the widow is entitled to have her title quieted as of the date of her husband's death. In all such property as she must have taken as heir, inasmuch as her husband had disposed of it in his lifetime, there remained nothing for her to take. Necessarily, what has been said of the rights of the widow as heir, disposes of the case in respect to all others who claim as heirs. Since, under the agreement found by the court, both the lots and the improvements made thereon became impressed with the character of personal property, the agreement between Grissom and Martz having been so far performed as to take it out of the operation of the statute, and because the ancestor had sold his in-

Grissom *et al. v.* Moore *et al.*

terest in the property in his lifetime, nothing remained for the heirs.

Conceding, that as against the heirs of Isaac Grissom, a possible right existed in the plaintiffs to enforce special performance of the agreement made by the ancestor with Martz, it is insisted by the appellants that the plaintiffs could not prevail in this action which is in form an action to quiet title. We do not concur in this view.

In the second paragraph of the complaint, the plaintiffs set out a state of facts which gave them an equitable title to the land in controversy. They asked to have it quieted. It was not necessary that they should have stated facts which would have been technically sufficient in an action for a specific enforcement of the agreement. In a suit to quiet title, it is only necessary that the plaintiff disclose, in his complaint, whether the title claimed is legal or equitable. If an equitable title is claimed, all the facts which go to maintain it may be shown. Equity treats that as done which should have been done. *Smith* v. *Kyler,* 74 Ind. 575; *Burt* v. *Bowles,* 69 Ind. 1; *Marot* v. *Germania, etc., Ass'n,* 54 Ind. 37; *Rowe* v. *Beckett,* 30 Ind. 154; *Brown* v. *Freed,* 43 Ind. 253; *Groves* v. *Marks,* 32 Ind. 319.

Cross errors are assigned by the appellees, which invite an examination as to the sufficiency of the evidence to sustain the finding of the court. All that we need say in this connection is, there was evidence which supports the finding.

There was no abuse of the discretion of the court in granting a postponement on the application of the defendants to re-take the deposition of Margaret Grissom. There was no error in admitting her deposition in evidence.

As to Margaret Grissom the judgment is reversed with costs, with directions to the court below to state conclusions of law in her favor and quiet her title, consistent with the foregoing opinion. As to the other defendants the judgment is affirmed.

Filed April 23, 1886.