De Haven *v.* Musselman *et al.*

Judgment affirmed.

Filed March 22, 1890.

---◆---

No. 14,095.

## De Haven *v.* Musselman et al.

Mortgage.—*Foreclosure of.*—*Conclusiveness of Judgment.*—*Failure of Party to Appear.*—*Sheriff's Certificate.*—*Voluntary Transfer of.*—*Partition.*—Certain real estate owned by A. was mortgaged by him to B., guardian, and thereafter A. conveyed to C. one-half of the mortgaged premises, and subsequently conveyed the remainder to D., subject to one-half of said mortgage. Afterwards A. paid off one-half of said mortgage indebtedness, but no release was entered of any portion of said mortgage. The mortgage was foreclosed, C. and all persons interested being made parties defendant. C., relying as it is alleged upon her warranty deed, and on the belief that her portion of the real estate was released from the lien of said mortgage, did not enter an appearance. Judgment was rendered on the mortgage note for the balance due, and a decree of foreclosure entered against C. and the other defendants, and the whole tract ordered to be sold. The mortgagee was the purchaser at sheriff's sale, and thereafter he assigned one-half of the sheriff's certificate to A.'s wife and one-half to his ward, and they obtained from the sheriff at the expiration of the year of redemption each a deed for an undivided one-half of said real estate.

*Held,* that C. was bound by the judgment in the foreclosure proceeding,

De Haven *v.* Musselman *et al.*

and could not maintain an action to enjoin the sale of said real estate in a partition suit instituted by the holders of the sheriff's deed.

*Held,* also, that the transfer of one-half of the sheriff's certificate to A.'s wife was a voluntary transfer, under the facts of the case, without any consideration, but that C. could not question such transfer.

SAME.—*Foreclosure Proceeding.—Failure of Party to Assert Rights.—Default. —Judgment.*—Where one is made a party to a foreclosure proceeding, and has knowledge of facts that would protect her rights in said action, and fails to appear and assert her rights, but suffers default, she is bound by the judgment rendered in the foreclosure proceeding.

DEED.—*Covenants of Warranty.—Husband and Wife.—After-Acquired Title.*— Where real estate is owned by the husband, and he and his wife join in a warranty deed to the same, the husband is liable on the covenants of warranty, and if he afterwards acquire a title to said real estate, it will enure to the benefit of his grantee. The wife, however, is not bound by said covenants, and if she afterwards acquire title to said real estate it does not enure to the benefit of the husband's grantee.

From the Miami Circuit Court.

*H. J. Shirk, J. Mitchell, L. Walker* and *W. B. McClintic,* for appellant.

*J. Farrar, W. C. Farrar, J. M. Brown* and *N. M. Antrim,* for appellees.

OLDS, J.—This was an action to enjoin the sale of certain real estate described in the complaint by appellee James M. Brown, as commissioner, appointed by the court, in an action in partition, wherein Abraham Musselman, by Jacob Myers, his guardian, was plaintiff, and Mary A. Musselman was defendant, and to quiet the plaintiff's title to said real estate.

The complaint is in three paragraphs. The first and second are substantially the same, and allege, that, on April 12th, 1879, the appellee Samuel Musselman was the owner in fee in his own right of certain real estate in Miami county, Indiana, describing it, on which was situate a flouring-mill run by water power; that on said date he executed a mortgage thereon to the appellee Jacob Myers, guardian of Abraham Musselman, a minor, to secure the payment of $2,366, due in two years, with interest, which mortgage was duly recorded; that, on March 28th, 1882, and before payment

of any part of said mortgage, said Samuel Musselman and his wife, Mary A. Musselman, conveyed the undivided one-half of said real estate to the appellant by warranty deed; that the purchase-money has been fully paid.

The second paragraph alleges that the principal part of the purchase-money was paid by the conveyance of land owned by appellant in Pulaski county, which was at the request of Samuel conveyed to Mary A., his wife; that, on October 12th, 1882, said Samuel and wife conveyed the remaining one-half of said real estate to one William Nice, subject to one-half of said mortgage; that afterwards, and prior to November 5th, 1883, said Samuel paid to said Myers, guardian, one-half of said mortgage debt, intending thereby to pay the portion not assumed by said Nice, and to release appellant's one-half of said real estate from the lien thereof; that Myers gave credit on the mortgage for the amount paid, but entered no release of any portion of the mortgage; that afterwards Myers commenced suit on the note and mortgage, making defendants thereto said Samuel Musselman and Mary A. Musselman, his wife, Nice and the appellant; that appellant, relying on the warranty, and on information as to the payment of one-half of the mortgage, made no appearance to the action, and on November 5th, 1883, judgment was taken on said note against said Samuel and wife, and a decree of foreclosure against all of the defendants, and an order for the sale of the real estate; that under said decree the whole of said premises was sold December 15th, 1883, to said Myers, guardian, for the sum of $1,368.40, and a sheriff's certificate issued to him; that afterwards said Myers, in consideration of the money theretofore paid by said Samuel, and on no other consideration, and at said Samuel's request, assigned the undivided one-half of said certificate to said Mary A. Musselman, and that said Mary. A. furnished no. part of said consideration; that the assignment was so procured by said Samuel with the fraudulent intent to deprive appellant of title to said real estate; that said Myers assigned the re-

mainder of the certificate to his ward, Abraham Musselman, and that at the expiration of the year said Mary A. and Abraham demanded and obtained of the sheriff each a deed for an undivided one-half of said real estate; that afterwards said Abraham, by his guardian, brought suit for partition thereof against said Mary A., the parties to such suit well knowing that the principal value of said property consisted in the mill situated thereon; that it could not be divided, and must of necessity be sold; that, on January 5th, 1885, the appellee Brown was appointed commissioner to sell the real estate and divide the proceeds between the parties; that Samuel Musselman is wholly insolvent.

The second paragraph alleges his insolvency ever since the payment of the one-half of the mortgage.

Each paragraph avers that Brown is proceeding to sell, and unless restrained will sell, and do great and irreparable injury to appellant. Prayer that Brown be restrained from selling, that appellant's title be quieted, and appellees be enjoined from asserting title.

The court sustained appellees' demurrers to each paragraph, to which rulings appellant excepted, and assigns such rulings as error.

These paragraphs show that Samuel Musselman owned the real estate; that he mortgaged it and then sold and conveyed by warranty deed one-half to appellant, and afterwards sold and conveyed the remaining one-half to Nice, subject to the one-half of the mortgage; then Samuel, the grantor, paid one-half of the mortgage debt, which was a lien on appellant's half of the land. The mortgagee then brought suit to foreclose the mortgage, making all of the parties defendants, and the appellant suffered a default. At the time of the foreclosure proceedings, appellant knew all the facts. She could have protected her rights in that action and required the one-half of the real estate sold to Nice to be first sold to satisfy the balance of the mortgage debt, but she

failed to do so, and the whole tract was ordered sold, and she waived her right to have the portion sold to Nice first sold and the proceeds applied to the payment of the debt.

The land was sold on the decree of foreclosure, and the mortgagee became the purchaser and received a certificate which entitled him to a deed for the whole land if not redeemed within one year. He assigned one-half of the certificate of purchase to Mary A., wife of Samuel Musselman. It is alleged that this assignment was made at the request of Samuel, and for the consideration paid by him in payment of one-half of the mortgage, but according to the facts pleaded, this was no consideration at all. It is alleged that Samuel paid one-half of the mortgage debt to the mortgagee, and this payment satisfied the one-half of the mortgage, and that ended its purpose. It could not afterwards be made the basis or consideration for a sale and transfer of one-half of the mortgaged premises after the mortgage had been foreclosed for the remainder due on the mortgage and a sale on the decree of foreclosure, so that the assignment of a one-half interest in the certificate of purchase was simply a voluntary conveyance without any consideration whatever. The mortgagee, the guardian of Abraham, held the mortgage executed by Samuel Musselman and wife for $2,366, the property of his ward, one-half the amount was paid to him, he then foreclosed the mortgage for the balance, making all necessary parties, and obtained a judgment and decree of foreclosure, sold the land on the decree and purchased the land and took a certificate. He was under no obligation to make an assignment of one-half of the certificate to any person, he held it as the property of his ward, nor could the money paid to him in satisfaction of one-half of the mortgage debt be made the basis of a consideration for such transfer. In so far as this appellant is concerned, that transfer of one-half of the certificate was a voluntary transfer without any consideration, a mere gift to her by the

De Haven *v.* Musselman *et al.*

guardian. The transfer might, possibly, be questioned by the ward, but not by the appellant.

The appellant received a warranty deed from Samuel Musselman, his wife joining, for the land purchased. Musselman owned the land at the time of the conveyance. Musselman is liable on the covenants of warranty, and if he afterwards acquired a title it would enure to the benefit of his grantee, the appellant, but it is not contended, and can not be, that Mary A., the wife of Samuel, was bound by the covenants of warranty in a deed conveying her husband's land, and the title afterwards obtained by her does not enure to the benefit of her husband's grantee.

The judgment in the foreclosure case fixed the rights of the parties to it. It determined the amount due the plaintiff, Myers, as guardian of his ward, on the mortgage, and that the whole land was subject to sale for its payment, and the appellant is bound by that judgment.

The first and second paragraphs of the complaint are bad, and the court properly sustained a demurrer thereto.

The third paragraph is not materially different from the other two. It alleges the same facts. It charges a conspiracy and fraud, but it appears that all the facts were known to the appellant at the time of the pendency of the action for foreclosure, and that she relied on her warranty and did not appear and suffered default, and that at the time of the foreclosure the said Samuel was the owner and in possession of property of the value of $20,000, which he has since put beyond the reach of creditors. There are no facts alleged which change it materially from the other paragraphs.

There is no error in the record.

- Judgment affirmed, with costs.

Filed April 1, 1890.