No. 17,123.

## MILLER *v.* MILLER.

FRAUDULENT CONVEYANCE.—*Setting Aside.*—*Effect on Wife's Interest.*—
Where the wife joins with her husband in the conveyance of his real estate, and such conveyance is subsequently set aside as fraudulent against the husband's creditors, the conveyance could not fail as to the husband and remain effective as to the wife, since she had no interest capable of conveyance apart from the interest of her husband.

Miller v. Miller.

SAME.—*Interest Conveyed by Wife.—After-Acquired Title.—Estoppel in pais.*—The conveyance, as to the wife, did not purport to convey an indefeasible estate in the whole or any part of the land, but its legal effect was only to dispose of the interest then held by her. The after-acquired title of the wife can not, therefore, be held to pass to the grantee in the fraudulent conveyance, by the rule of estoppel *in pais.*

SAME.—*Contemporaneous Agreement for Maintenance, etc.—Setting Aside Conveyance.*—An agreement for maintenance, made at the time of the deed, by the grantee, which does not purport to convey and does not describe or locate any property, but executed to obligate the grantee to perform the condition of maintenance contained in the deed, is not sufficient to overcome the allegations of the complaint that the conveyance was set aside as fraudulent.

MARRIED WOMAN.—*Covenants of Title, When Bound by.*—The statute binds a married woman only by her covenants of title in conveyance of her separate property.

From the Pike Circuit Court.

*L. C. Embree*, for appellant.

*E. A. Ely* and *S. G. Davenport*, for appellee.

HACKNEY, J.—On the 24th day of August, 1887, Justus Miller, father of the appellant and husband of the appellee, owned in fee-simple a tract of land in Pike county, and on that day he conveyed said lands, his said wife joining in the deed of warranty therefor, to the appellant.

On the 28th day of June, 1888, in a suit by one Cook against said Justus Miller and the appellant and the appellee, said conveyance was decreed fraudulent, as against a judgment in favor of said Cook, upon a liability of said Justus Miller.

On the 27th day of June, 1891, said lands were sold upon decree for the satisfaction of said liability, and Ferguson, Richardson, Taylor and Posey were the purchasers and received a certificate of sale therefor. After said sale, and before the execution of a deed for said lands to said purchasers, the said Justus Miller died in-

testate, leaving the appellee as his widow. After the execution of a sheriff's deed to said purchasers, and on the 7th day of July, 1892, the appellee and said purchasers made partition of said lands by agreement and conveyances, by which the one-third part in value of said lands was set off and conveyed to the appellee by description, the same constituting the lands in question in this case. The appellee demanded possession from the appellant of the tract so conveyed to her, which demand was refused and the title to said lands was claimed by the appellant. Thereupon the appellee sued to quiet title and for possession of said tract so conveyed to her, and in her complaint alleged the foregoing facts.

To said complaint the appellant answered that the appellee and her said husband, on said 24th day of August, 1887, executed to him the deed as alleged in the complaint, said deed containing the following condition: "This deed is upon the express condition that the grantee maintains and supports the grantors, during the natural lives of each and both, in manner suitable to their age and condition, and give to each of them a decent burial at death and erect at the grave of each, tombstones, of reasonable value, suitable to their age and condition;" that at the same time said appellee and her said husband executed to said appellant an agreement stipulating that by reason of ill-health and age they conveyed all their lands and personal property to the appellant upon a consideration stated, substantially, as in the condition in said deed above quoted, and that appellant accepted said conveyance agreeing to perform said condition, and, it is alleged, the appellant went into possession of said lands and ever since occupied the same, fully performing and continuing in readiness to perform all of the conditions of said deed and agreement.

It was further alleged that the appellant had in no

manner parted with the title so acquired by him and he denied that the appellee had acquired any interest in or title to said lands.

To this answer the circuit court sustained the appellee's demurrer, and that ruling is the only question presented by the argument upon the assignment of error.

It is insisted, in support of the answer, that since the year 1881 married women have been bound by estoppels *in pais* and by their covenants of warranty as if *sole* (R. S. 1881, secs. 5115, 5117, 5118.) The line of argument is that the appellee is estopped, as *in pais*, by the implied affirmance, by the deed, of a particular estate, namely, an inchoate interest in an undivided one-third in fee of the whole of the land; and, further, that she is estopped by the expressed covenants of the deed. The first of these propositions is said to find support from *Shumaker* v. *Johnson*, 35 Ind. 33, where estoppels *in pais*, by deed and by covenant are distinguished, and from *Habig* v. *Dodge*, 127 Ind. 31, and *Jerauld* v. *Dodge*, 127 Ind. 600.

These cases, so far as they have any possible application to the present, hold that where the conveyance, though with covenants of warranty, does not purport to convey an indefeasible estate, but only the present interest of the grantor, the doctrine of estoppels does not apply to and pass an after-acquired title, even if no title passed by such conveyance.

As we have seen, the fee was in Justus Miller; the conveyance, as to his wife, the appellee, did not purport to convey an indefeasible estate in the whole or any part of the land, and its legal effect was but to dispose of the interest then held by her; that interest was not a completed present interest, and was such only as would, by surviving her husband, ripen into a present interest.

She had no right or interest which could be conveyed apart from the title of her husband. An after-acquired title could not, therefore, be held to pass by the rule of estoppels *in pais* as applied in the cases cited. *Snoddy* v. *Leavitt*, 105 Ind, 357. To what extent the fraud which entered into and affected the conveyance to the appellant would preclude the assertion of an estoppel *in pais*, we do not decide, but it is one of the rules, ordinarily enforced, that estoppels may not be asserted by one whose hands are stained with fraud.

The effect of the covenants of warranty, in the deed, could not reasonably be to require the wife to protect and defend the title of the husband conveyed to his grantee. This proposition is not denied, as we understand the appellant's learned counsel, but their effect, it is claimed, was to bind her to the extent of an undivided one-third interest in the lands. The statute (R. S. 1894, sec. 6963; R. S. 1881, sec. 5118) binds a married woman only "by her covenants of title in conveyance of her separate property." The conveyance in question was not of her separate property, and she was not a vendor in the sense of taking upon herself the covenants of title. *Snoddy* v. *Leavitt, supra.*

The appellant's claim, therefore, must fail from either of the standpoints of argument stated. In addition to the arguments referred to, counsel urge the agreement pleaded, as supporting his claim of title independently of the deed. The agreement does not purport to convey and does not describe or locate any property. It was executed for the evident purpose of specifying the consideration for, and objects of, the conveyance and to obligate the appellant to perform the condition in said deed. The allegations of the complaint that the conveyance to the appellant was set aside as fraudulent are not met by

the agreement if it should be construed as having the effect of a conveyance.

The appellee claims title to the lands in suit, first, by reason of a sale upon a judgment against her husband alone; second, that the death of her husband consummated her prior inchoate rights into a fee, and third, through the conveyances to Ferguson and others. It is unnecessary to analyze these various claims and sources of title. It is perfectly clear that the conveyance to the appellee could not fall as to her husband and remain effective as to her, since she had no interest capable of conveyance apart from the interest of her husband. *McCormick* v. *Hunter*, 50 Ind. 186; *Paulus* v. *Latta*, 93 Ind. 34; *Snoddy* v. *Leavitt*, *supra;* *Rupe* v. *Hadley*, 113 Ind. 416.

In the last of the cases just cited and in *Mattill·*v. *Baas*, 89 Ind. 220; *Ketchum* v. *Schicketanz*, 73 Ind. 137; *Whitney* v. *Marshall*, 138 Ind. 472, it was held that a wife's joining in a fraudulent conveyance did not continue in force and deprive her of her rights as widow after the conveyance is adjudged fraudulent.

The judgment of the circuit court was not erroneous and is fully affirmed.

Filed Jan. 30, 1895.