NICHOL ET AL. *v*. HAYS ET AL.

[No. 2,518. Filed June 9, 1898.]

MARRIED WOMEN.—*Deeds.—Covenants.—Suretyship.*—A married woman who with her husband conveys her separate real estate by warranty deed in satisfaction and payment of a debt owing by her husband to the grantee is liable on her covenants of warranty for a failure of the title to such real estate.

From the Madison Superior Court. *Reversed.*

*John W. Lovett* and *Fred E. Holloway,* for appellants.

*Bagot, Ellison & Bagot,* for appellees.

ROBINSON, J.—The question presented by this appeal is whether a married woman, who, with her husband, conveys her separate real estate by deed of general warranty in satisfaction and payment of a debt owing by her husband to the grantees, and which is so accepted by the grantees, is liable on such warranty for a failure of the title to such real estate.

It is not to be denied that a promise may rest upon a sufficient consideration, and be binding, although the benefit moves to a third person. It is well settled that the consideration for a promise need not be a benefit to the promisor, but it may consist of a benefit moving to a third person, or it may be a detriment to the promisee. The statute, section 6962, Burns' R. S. 1894, provides that a married woman may take and hold property which, with its proceeds, shall be under her control as if she were unmarried. "And she may, in her own name, as if she were unmarried, at any time during coverture, sell, barter, exchange, and convey her personal property; and she may also, in like manner, make any contracts with reference to the same; but she shall not enter into any executory con-

tract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance or mortgage: Provided, however, That she shall be bound by an estoppel *in pais,* like any other person." Section 6963, Burns' R. S. 1894, provides that, "A married woman shall be bound by her covenants of title in conveyances of her separate property, as if sole. She shall be bound, in like manner, as principal on her official bond." By section 6964, Burns' R. S. 1894. "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner, and such contract, as to her, shall be void."

The complaint alleges that the consideration for the deed was the release and satisfaction of a debt held by the grantees against Thomas W. Hays, and that appellants in consideration of the deed released and satisfied the debt. This was an extinguishment of the debt of Thomas W. Hays. The court properly gave judgment against him, because he is liable on the warranty. But the debt for which he was liable was extinguished, and it cannot be said that holding the wife liable on her warranty is holding her liable as surety for the debt. The consideration for the deed passed to a third person, but that was a sufficient consideration. The consideration which binds a surety must be executory. The contract in question was executed. Its object was performed. The debt ceased to exist. The rights and liabilities of the parties are to be determined without reference to the previous debt of the husband, because there is now no such debt.

If it is said that the wife is surety for her husband in this case, it must be because she has undertaken to answer for his debt, and that it is now sought to enforce that undertaking. But such is not the fact un-

der the allegations of the pleading. The debt has been discharged. It is true, the amount of the recovery in this particular case is the amount of the husband's prior debt; but it is not a recovery of that debt. The contract upon which a recovery is now sought is not a contract by which she promised to pay the husband's debt if not paid by him. The husband's obligation has been discharged, and it is now sought to enforce an entirely different obligation under a statute. The statute is plain in its terms and makes a married woman liable on her warranty in conveyances of her separate property as if sole. It is the opinion of the court that an action on her contract of warranty in the case at bar cannot be construed to be an action on her contract of suretyship. Judgment reversed, with instructions to overrule the demurrer of Ann E. Hays to the complaint.