## FRY ET AL. *v.* HARE ET AL.

[No. 20,787. Filed April 27, 1906.]

1. APPEAL AND ERROR.—*Complaint.*—*Special Findings.*—*When Same Questions Presented.*—Where the facts contained in the special findings are the same as alleged in the pleadings, exceptions to the conclusions of law present the same questions as demurrers to the pleadings. p. 417.

2. PARTITION.—*Parties.*—*Possession.*—Partition can be demanded only by a person entitled to immediate possession. p. 419.

3. SAME. — *Possession.* — *Sales.* — *Contracts for.* — *Real Estate.*—The children by the first marriage of a father who made a written contract of sale of real estate, owned by him during a second marriage, his wife not joining, are not entitled to possession of such real estate, the purchaser having paid the purchase price and having retained possession since the execution of such contract. p. 419.

4. DESCENT AND DISTRIBUTION.—*Widows.*—*Deeds.*—*Failing to Join in.*—Under §2652 Burns 1901, §2491 R. S. 1881, a wife who fails to join her husband in a conveyance of land owned by him at any time during their marriage is entitled, in case she survives him, to one-third thereof at his death. p. 419.

5. SAME.—*Widows.*—*Deeds.*—*Failure to Join in.*—*Statutes.*—A surviving, childless, second wife took a fee-simple title, under §2652 Burns 1901, §2491 R. S. 1881, to lands of which her husband was seized during their marriage and in the conveyance of

which she did not join; and the children of her husband by the first marriage took no interest therein under §2487 R. S. 1881, providing that lands descending from the husband to such wife, should, at her death, descend to such children.   p. 420.

6.   DEEDS.—*Estates.—Widows.—Statutes.—Limitation of Actions. —Adverse Possession.*—Where a husband in 1867, by a contract in writing, his wife not joining, agreed to transfer to the purchaser certain lands, giving such purchaser possession, which he and his heirs maintained, the consideration being subsequently paid, a quitclaim deed made by such wife in 1891 completes title in such purchaser, such husband dying in 1868, and leaving children by a former marriage but none by her; and, as to such children, such adverse possession is shown as would defeat, because of the statute of limitations, their cause of action.   p. 421.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Suit by William Fry and others against Freeman Hare and another.   From a decree for defendants, plaintiffs appeal.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Gavin & Davis* and *William Booth,* for appellants.

*William S. Christian,* for appellees.

MONTGOMERY, J.—Appellants, as the heirs at law of Charles O. Fry, deceased, brought this suit for partition, alleging that they were the owners as tenants in common of an undivided one-third and appellees the owners of an undivided two-thirds part in value of the real estate in controversy.   Appellees answered by general denial, and appellee Martha Hare filed a cross-complaint in three paragraphs, alleging ownership in fee of the entire property and asking that her title be quieted.   The cause was tried by the court, special findings made, conclusions of law stated thereon in favor of appellees, and decree rendered accordingly.

Appellants have assigned as error the overruling of demurrers to each paragraph of cross-complaint, and error in the statement of each conclusion of law.

· The special finding of facts and conclusions of law, with proper exceptions thereto, will present all questions arising upon the pleadings, and render it unnecessary to consider separately the rulings upon demurrers to the several paragraphs of cross-complaint. *Ross v. Van Natta* (1905), 164 Ind. 557; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202; *Runner* v. *Scott* (1898), 150 Ind. 441; *Woodward* v. *Mitchell* (1895), 140 Ind. 406.

The facts specially found by the court are in substance as follows: Appellants William, Albert, Isaac, Abraham L. and Oliver Fry and Melissa Shaffer are the children of Charles O. Fry by his first marriage, and William Wolf is the only child of Erema Wolf, deceased, who was also a daughter by said marriage. In 1864, after the death of his wife, Charles O. Fry married Elizabeth Stern, and on August 6, 1868, died intestate, leaving surviving him, as his only heirs at law, appellants and his widow Elizabeth, who was a second and childless wife. On December 24, 1896, said Elizabeth Fry died. During his said second marriage Charles O. Fry became the owner in fee simple of the real estate involved, situated in Hamilton county, and afterwards, in the year 1867, sold the same to Zadoc W. Passwater, and placed him in possession thereof under and by virtue of said sale. Under and by virtue of said purchase, Passwater, during the lifetime of Fry, fenced, cleared, drained and tiled said real estate, and from the time of his purchase had and held, under claim of ownership, the exclusive, uninterrupted, open, and notorious possession of the same until his death, which occurred in the year 1871, and long prior to his death he paid the purchase money in full. Said Passwater died intestate, and left as his only heirs at law his widow and children, who continued in the exclusive, uninterrupted, open and notorious possession of said real estate under claim of ownership, and made lasting and valuable improvements thereon. In the year 1873 the heirs at law of said Passwater caused

partition to be made of his real estate in and through the Hamilton Circuit Court, and by the judgment of said court the real estate involved in this action was set off to Martha F. Hare and Zadoc F. Passwater, who thereafter continued in the exclusive, uninterrupted, open and notorious possession of the same, under claim of ownership, and made lasting and valuable improvements thereon, until August 7, 1891, when Zadoc F. Passwater, for a valuable consideration, conveyed his interest to said Martha F. Hare, who thereafter continued in possession thereof, and ever since has had and held under claim of ownership the exclusive, uninterrupted, open and notorious possession, and still holds such possession of said real estate, and during such time has made valuable and lasting improvements thereon. On March 5, 1867, Charles O. Fry executed to said Zadoc W. Passwater a title bond in writing for the real estate in question, and delivered said bond, together with possession of said real estate, to said Passwater as aforesaid, but his wife, Elizabeth, did not join in the execution of this bond, but after his death, to wit, on August 6, 1891, for a valuable consideration, executed to Martha F. Hare a quitclaim deed for said real estate, which deed was duly recorded. Said Martha F. Hare is the owner in fee simple of said real estate, and appellants are claiming an adverse title and interest therein, which is unfounded and without right.

The court stated conclusions of law upon this finding of facts as follows: (1) That appellants take nothing by their complaint and that appellees recover all costs. (2) That appellee Martha F. Hare is the owner in fee simple of the real estate described, and entitled to have her title thereto, quieted as against appellants and to recover her costs.

Appellants severally excepted to each conclusion of law, and in support of their exception contend that upon the death of Charles O. Fry one-third of the real estate in con-

troversy descended to his surviving childless second wife, and upon her death vested in them as her forced heirs under §2487 R. S. 1881.

An action for partition can be maintained only by one entitled to the immediate possession of real estate. *Tower* v. *Tower* (1895), 141 Ind. 223; *Brown* v. *Brown* (1893), 133 Ind. 476; *Schori* v. *Stephens* (1878), 62 Ind. 441.

It appears from the special findings that on March 5, 1867, Charles O. Fry sold and delivered possession of the real estate in question to Zadoc W. Passwater, and obligated himself in writing to execute a proper conveyance of the legal title, and that afterwards the purchase money was fully paid. No facts were found from which a forfeiture of the possession thus obtained may be inferred, but such possession continued in said Passwater and his heirs until the commencement of this action, and as against said Fry and those claiming through him under the laws of descent it must be held that the possession of Martha F. Hare is rightful and legal. Upon the theory that appellants own said lands as the enforced heirs of Elizabeth Fry no right of possession in them is shown, and the first conclusion of law is correct.

But in our opinion appellants' claim of ownership cannot be sustained. The findings show that Fry in his lifetime sold the land, and in pursuance of such sale delivered possession to the purchaser, and executed a title bond. His wife Elizabeth did not join in the execution of the bond for a conveyance, or otherwise release her inchoate interest in the land. This sale and transfer of possession vested an equitable title in Passwater, subject to the condition that if the wife Elizabeth Fry outlived her husband the title to one-third of the land at his death would become vested in fee in her under the provisions of §2652 Burns 1901, §2491 R. S. 1881.

Sections 2652, 2660 Burns 1901, §§2491, 2499 R. S. 1881, have been frequently construed, and it has been uniformly held that the inchoate interest of the wife, attaching as an incident of the seizin of the husband during marriage, is not divested or defeated by any act of the husband alone, and can be barred only by a conveyance in which she joins, or by the exercise of the power of eminent domain, or by some other proceeding to which all estates are subject. The interest of the wife is conditional, depending upon her survivorship; and in the event of her husband's death first during marriage she takes a fee-simple title, not as heir, but in the nature of a purchaser, and by virtue of the marital relation. *Rank* v. *Hanna* (1854), 6 Ind. 20; *Verry* v. *Robinson* (1865), 25 Ind. 14, 87 Am. Dec. 346; *May* v. *Fletcher* (1872), 40 Ind. 575; *Brannon* v. *May* (1873), 42 Ind. 92; *Bowen* v. *Preston* (1874), 48 Ind. 367; *Hendrix* v. *McBeth* (1882), 87 Ind. 287; *Garrison* v. *Moore* (1886), 106 Ind. 296, 55 Am. Rep. 742; *Frain* v. *Burgett* (1898), 152 Ind. 55.

In the case of *Garrison* v. *Moore, supra,* the disseizin of the husband was accomplished by a verbal sale accompanied by a delivery of possession, and it was held that

5. upon his death the wife became vested with a fee-simple interest in one-third of the land so transferred. The sections of the statutes under consideration apply to a second or subsequent childless wife as well as to the first and child-bearing wife. When the husband by a sale or conveyance divests himself of lands owned during marriage, nothing remains to descend under §2487 R. S. 1881, but the interest of his widow accrues by virtue of the provisions of §2652, *supra,* and is a fee simple. *Graves* v. *Fligor* (1895), 140 Ind. 25; *Hendrix* v. *McBeth, supra; Slack* v. *Thacker* (1882), 84 Ind. 418.

It follows that Elizabeth Fry acquired a fee simple in one-third of the land involved, and had a right to convey

her title. The court found that on August 6, 1891,
6. she did convey her interest in the land by quitclaim
deed to appellee Martha F. Hare. We are further
of opinion that such adverse possession is shown in appellee as would make her title valid under the statute of limitations. We accordingly hold that the second conclusion of law is sustained by the finding of facts.

Finding no error, the judgment is affirmed.