WEIDLER *v.* FLORAN ET AL.

[No. 15,595. Filed March 8, 1938. Rehearing denied June 1, 1938. Transfer denied September 30, 1938.]

*Seebirt, Oare, Deahl & Omacht* and *Carl Weidler,* for appellant.

*Arnold & Degnan* and *Walter R. Arnold,* for appellee.

LAYMON, C. J.—On October 1, 1919, appellant, Maude Weidler, and her husband, Charles Weidler, executed a mortgage to Etta B. Chamberlain upon certain real estate in St. Joseph County, Indiana, as security for the payment of a promissory note in the principal sum of $1,500. On the 5th day of May, 1921, appellant and her husband executed and delivered a warranty deed conveying the same real estate to appellee Minnie Floran. On May 5, 1925, appellee Floran conveyed by warranty deed said real estate to appellees Delbert R. Kline and Anabelle Kline. Charles Weidler, husband of appellant, died testate on December 12, 1928, without having discharged the indebtedness secured by the mortgage given to Chamberlain. Thereafter Etta Chamberlain foreclosed her mortgage in a proceeding wherein the appellees and appellant were made defendants. During the pendency of this foreclosure proceeding appellees filed a cross-complaint in one paragraph against appellant for damages for breach of covenant contained in the deed of conveyance from appellant and her husband to appellee Floran. Appellant answered the cross-complaint by a general denial. A trial by the court without a jury resulted in a finding and judgment against appellant and in favor of appellees upon their cross-complaint. In due time appellant filed her motion for a new trial, asserting as causes therefor that the decision of the court is contrary to law and is not sustained by

sufficient evidence. This motion was overruled, and this appeal followed. The only error assigned for reversal is the ruling on said motion.

The evidence consisted of a stipulation of facts, the substance of which discloses that on May 5, 1921, Charles Weidler, then in life, was the owner in fee simple of the real estate described in the cross-complaint, and that on said date Charles Weidler and Maude Weidler, his wife, executed a deed of conveyance containing covenants of general warranty to appellee Minnie Floran; that Maude Weidler received no part of the consideration for said conveyance; that without any knowledge of any encumbrance upon said real estate appellee Floran, on the 5th day of May, 1925, conveyed said real estate by her warranty deed to appellees Delbert R. Kline and Annabelle Kline, husband and wife; that Charles Weidler and appellant, Maude Weidler, executed a mortgage on said real estate to Etta B. Chamberlain on October 3, 1919, which mortgage remained a subsisting encumbrance until foreclosed by judicial decree on February 2, 1933; that Charles Weidler died testate on the 11th day of December, 1928; and that the amount of the encumbrance on said real estate by reason of said mortgage and the foreclosure thereof was the amount fixed in the decree of foreclosure.

Appellant contends that under the facts as disclosed by the record she joined her husband in the execution of the warranty deed in question for the sole purpose of releasing her inchoate statutory right of dower and, in so doing, having received no part of the consideration therefor, she is not liable on the covenant of warranty contained in said deed.

Appellees insist that the evidence is silent as to what appellant's purpose was in subscribing the deed. We do

not agree with appellees. In this case there are no facts indicating that appellant joined with her husband in the execution of the deed for any purpose other than to release her inchoate right of dower. In the absence of any evidence to the contrary, the fact that appellant joined her husband in the execution of a deed conveying his separate real estate, having received no part of the consideration therefor, in view of the statute of our state requiring the signature of a wife to a conveyance of the husband's realty to extinguish her inchoate statutory right of dower, gives rise to the presumption that she signed for that purpose to the exclusion of all others.

The principal question is whether or not a wife is liable on a covenant of warranty in a deed of conveyance in joining in the execution of the deed conveying the separate real estate of her husband, having subscribed for the sole purpose of releasing her inchoate statutory right of dower.

To answer this question we must look to the statutes as they existed at the time of the execution of the deed (May 5, 1921).

Section 6-2325 Burns 1933, §3325 Baldwin's 1934, secures to the wife, at the death of her husband (except as provided in section 6-2313 Burns 1933, §3312 Baldwin's 1934) one-third in fee simple in all the real estate of which he may have been seized during the marriage and in the conveyance of which she may not have joined, in due form of law.

Section 6-2341 Burns 1933, §3333 Baldwin's 1934, provides that "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law, . . . shall prejudice or extinguish the right of the wife to her third of his lands," etc.

The inchoate right of the wife attaches as an inci-

dent to the seizin of the husband during marriage. It cannot be divested or defeated by any act or charge of the husband, nor otherwise, except in the manner above provided. It can only be barred by a conveyance in which she joins or by some proceeding to which all estates are subject, such as the exercise of the power of eminent domain, and the like. Her interest in lands thus owned and conveyed by the husband, in the conveyance of which she has not joined, becomes consummate on his death. It accrues by virtue of the marital relation. She does not take as heir in lands so conveyed. *Grissom et al.* v. *Moore et al.* (1886), 106 Ind. 296, 6 N. E. 629; *Rank* v. *Hanna* (1854), 6 Ind. 20; *Verry* v. *Robinson* (1865), 25 Ind. 14; *May* v. *Fletcher* (1872), 40 Ind. 575; *Brannon* v. *May* (1873), 42 Ind. 92; *Bowen* v. *Preston* (1874), 48 Ind. 367; *Derry* v. *Derry* (1881), 74 Ind. 560; *Mark* v. *Murphy* (1881), 76 Ind. 534; *Hendrix* v. *McBeth* (1882), 87 Ind. 287.

The wife's right to dower exists only as an incident to her marital status and cannot be converted into an independent title. She cannot convey her inchoate right of dower to a third party nor release it directly to her husband. The interest a wife has in her husband's lands while he is yet living is of such an intangible nature as that it can not be conveyed either by her deed or by the joint deed of herself and husband, the latter retaining his interest in the lands. *Buckel* v. *Auer* (1918), 68 Ind. App. 320, 120 N. E. 437.

It therefore follows that the settled theory of the law in our state, as to the nature of an inchoate right of dower, is that it is not an estate or interest in land at all, but is a contingent claim arising, not out of contract, but as an institution of law, constituting a mere chose in action, incapable of transfer

by grant or conveyance, but susceptible of extinguishment only during its inchoate state. By force of our statute an extinguishment is effected by the act of the wife in joining with her husband in the execution of the deed to the land. The joinder by a married woman with her husband in a deed or mortgage of his lands does not operate as to her by way of passing an estate, but inures simply as a release to the grantee of the husband of her future contingent right of dower in the granted or mortgaged premises, in aid of the title or interest conveyed by his deed or mortgage.

It can hardly be said that the act of the wife in joining her husband in the execution of a deed in his lands for the sole purpose of releasing her inchoate right constitutes her a grantor of the premises or vests in the grantee any greater or other estate than such as is derived from the conveyance of the husband. As was said in the case of *Snoddy* v. *Leavitt* (1886), 105 Ind. 357, 361, 5 N. E. 13: "Her joinder in the deed operated, not as a conveyance, but as a release of her inchoate right. The whole title was in the husband. His deed, without the wife joining therein, would have carried the whole and the perfect legal title. If the husband make a deed of his lands, that deed carries the perfect legal title, and hence the joinder of the wife therein is of no consequence at all, unless she survives the husband. Her joinder in the deed is a release of her right to claim one-third of the land in case she survives the husband, and nothing more."

Appellant contends that by the common law a married woman was not liable on the covenants in her deed for failure of title to the land conveyed and that the statute of 1881, changing the rule at common law in this state, only makes her liable in cases where she joins in the conveyance of her separate real estate. The sections of the statute of 1881 (ch. 60), which counsel con-

tend are pertinent to the question here presented, are:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, That all the legal disabilities of married women to make contracts are hereby abolished, *except as herein otherwise provided.* (Our italics.)

"Section 2. A married woman may take, acquire, and hold property, real or personal, by conveyance, gift, devise, or descent, or by purchase with her separate means or money; and the same, together with all the rents, issues, income, and profits thereof, shall be and remain her own separate property, and under her own control, the same as if she were unmarried. And she may, in her own name, as if she were unmarried, at any time during coverture, sell, barter, exchange, and convey her personal property; and she may also, in like manner, make any contracts with reference to the same; but she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage: *Provided, however,* That she shall be bound by an estoppel *in pais,* like any other person.

"Section 3. A married woman shall be bound by her covenants of title in conveyances of her separate property, as if *sole.* She shall be bound, in like manner, as principal on her official bond.

"Section 4. A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

Appellant, in support of her contention, has cited the cases of *Dickey et al.* v. *Kalfsbeck* (1898), 20 Ind. App. 290, 50 N. E. 590; *Nichol et al.* v. *Hays et al.* (1898), 20 Ind. App. 369, 50 N. E. 768; *Reeves* v. *Howes et al.* (1886), 104 Ind. 435, 6 N. E. 904; *DeHaven* v. *Musselman et al.* (1890), 123 Ind. 62, 24 N. E. 171; *Miller* v. *Miller* (1895), 140 Ind. 174, 39 N. E. 547.

Appellees concede that at the time the above decisions were made by the courts of this state, the wife had no liability upon covenants of warranty contained in a deed

in which she joined in the conveyance of the lands of her husband, but assert that this was due to the existence of section 4 of the Act of 1881, and that since this section has been repealed by the Acts of 1919 (Acts 1919, p. 90), the disability of a married woman has been removed and the authorities cited are not controlling; that since the repeal of section 4 of the Act of 1881, there is nothing in said Act, so far as this case is concerned, restricting or cutting down the broad general removal of all disabilities of married women as contained in section 1 of the Act; that it was the evident intent of the Legislature to remove all legal disabilities of coverture, except those specifically provided for in the Act; and that section 3 is not an exception to section 1 of the Act.

It is true that more apt language could have been chosen in which to express the legislative intent to make section 3 an exception. Nevertheless, this failure does not permit the construction of the Act to affect the intent of the Legislature. But in construing statutes we are compelled to examine the entire Act, keeping constantly in mind the evident purpose of the Legislature and to adopt that construction which makes the Act effectual, rather than one which defeats its purpose and that construction which gives full force and effect to all of its provisions. *Pennsylvania Co.* v. *Mosher* (1911), 47 Ind. App. 556, 94 N. E. 1033; *Brown-Ketcham Iron Works* v. *George B. Swift Co.* (1913), 53 Ind. App. 630, 100 N. E. 584, 860; *Titus* v. *Town of Bloomfield* (1923), 80 Ind. App. 483, 141 N. E. 360.

Applying the general and well-established rules of statutory construction to the statute of 1881, it is apparent that in order to give any effect whatsoever to section 3 of the Act, we must hold that this section was intended by the Legislature as a limi-

tation on, or an exception to section 1 of the Act, otherwise, the section would be meaningless. To hold otherwise would be to nullify this section of the statute.

Furthermore, in the instant case, appellant, in joining her husband in the conveyance of his separate real estate for the sole purpose of releasing her inchoate right of dower, was not a surety or guarantor. As was said by this court in the case of *Nichol et al.* v. *Hays et al.* (p. 370), *supra*: "The consideration which binds a surety must be executory. The contract in question was executed. Its object was performed."

We conclude that section 3 of the Act of 1881 is applicable and controlling to the facts in the instant case, and we are not without authority in so holding. The cases of *DeHaven* v. *Musselman, supra; Miller* v. *Miller, supra,* and *Dickey et al.* v. *Kalfsbeck, supra,* sustain this view.

It may further be noted that the Legislature of 1923 re-enacted sections 1 and 3 of the Act of 1881 as then written (Acts 1923, ch. 63, p. 190), which was subsequent to the time the above cases were decided.

Appellees rely upon the case of *Watts et ux.* v. *Ramsey et al.* (1928), 156 Tenn. 463, 2 S. W. (2d) 409, which upholds the liability of the wife for breach of covenant in a deed which she and her husband jointly executed, the title to which was in the latter and in which she had a homestead right. However, this case is distinguishable when viewed with reference to the statutes of Tennessee which fully emancipated married women from all disabilities on account of coverture (section 8460, Code of Tenn. 1932) and did not limit the liability of a married woman to covenants of title in conveyances of her separate property as is provided by our statute.

By virtue of the statute of 1881, we are compelled to hold that appellant was not liable upon the covenant of title in the conveyance in question and that the finding

of the trial court is not sustained by sufficient evidence and is contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.